UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

**GARY C. ZEITZ, L.L.C.**
LINDA S. FOSSI, ESQUIRE (LF1720)
1101 Laurel Oak Road, Suite 170
Voorhees, New Jersey 08043
(856) 857-1222
*Attorneys for Creditor*
*FIG Capital Investments NJ13 LLC*

Order Filed on July 31, 2018 by
Clerk U.S. Bankruptcy Court
District of New Jersey

In Re:

ERNESTO L. ARANA and MEGAN L. YOUNG

Case No.: 17-19726/JKS

Hearing Date: July 31, 2018 at 10:00 AM

Chapter 11

Judge: John K. Sherwood

# CONSENT ORDER RESOLVING FIG CAPITAL INVESTMENT NJ13 LLC'S OBJECTION TO DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN

The relief set forth on the following page, numbered two (2) through eight (8) is hereby **ORDERED**.

**DATED: July 31, 2018**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2 of 8
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-1926/JKS
Caption of Order: Consent Order Resolving FIG Capital Investments NJ13, LLC'S Objection to Disclosure Statement and Plan

THIS MATTER having come before the Court upon the upon the objection of FIG Capital Investments NJ13 LLC ("FIG") to Ernesto L. Arana and Megan L. Young's (the "Debtors") disclosure statement and plan; and the following appearances having been entered, Linda S. Fossi, Esquire, Gary C. Zeitz, L.L.C. attorneys for FIG and Eugene D. Roth, Esquire, attorney for the Debtors; and

IT APPEARING that FIG is the holder of tax sale certificate no. 15-00044 (the "Tax Lien") secured by the Debtors' real estate located at 18 Burroughs Way, Maplewood, New Jersey, Block 36.04, Lot 80 (the "Property"); and

IT FURTHER APPEARING that FIG filed an objection to the approval of the Debtors' disclosure statement ("Disclosure Statement") and to the confirmation of the Debtors' Chapter 11 Plan of Reorganization (the "Plan"); and

IT FURTHER APPEARING that the Debtors now seek to pay the amounts owed to FIG through its Plan pursuant to the terms and conditions set forth hereinbelow, and the parties having agreed to the form and entry of this Order, and for good cause shown;

**IT IS ORDERED** as follows:

1. The Debtors shall pay FIG's claim on account of its Tax Lien with interest at the rate of 18.00% per annum on subsequent taxes only for sixty (60) months (the "Plan Term") for the total sum of $76,999.34 ("Redemption Sum"). The Debtors shall pay the Redemption Sum by issuing to FIG a monthly payment of principal and interest in the sum of $1,283.32 ("Monthly Payment") on the first day of each month for the period September 1, 2018 through August 1,

Page 3 of 8
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-1926/JKS
Caption of Order: Consent Order Resolving FIG Capital Investments NJ13, LLC'S Objection to Disclosure Statement and Plan

2023.

2.    In the event that Debtors' plan is not confirmed on July 31, 2018, interest shall continue to accrue at the statutory rate on the Tax Lien to the date of confirmation. In such event, FIG's claim and the Monthly Payment shall be adjusted accordingly and FIG shall file an amended proof of claim, which amended claim shall be deemed a timely filed allowed claim pursuant to the bankruptcy code and rules.

3.    During the Plan Term, the Debtors must remain current on all quarterly real estate tax payments, water charges, sewer charges and all other municipal charges due and owing to the Township of Maplewood on account of the Property. The Debtors may either pay the quarterly real estate taxes directly, or they may be included in the escrow with their monthly mortgage payment.

4.    Within 30 days after the entry of this Order, the Debtors shall pay all outstanding post-petition real estate taxes, water charges, sewer charges and all other municipal charges owing to Township of Maplewood on account of the Property, to the extent that there are any open charges.

5.    Notwithstanding any provision in the Plan to the contrary, the following shall constitute an event of default ("Event of Default"): (a) failure of the Debtors to tender in full any Monthly Payment to FIG in accordance with paragraph one (1), (b) failure of the Debtors to cure all outstanding post-petition real estate taxes, water charges, sewer charges and all other

Page 4 of 8
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-1926/JKS
Caption of Order: Consent Order Resolving FIG Capital Investments NJ13, LLC'S Objection to Disclosure Statement and Plan

municipal charges owing to Township of Maplewood on or before 30 days from the date of this Consent Order in accordance with paragraph four (4) and (c) failure of the Debtors to remain current on all post-petition quarterly real estate tax payments, water charges, sewer charges and all other municipal charges due and owing to Township of Maplewood in accordance with paragraph three (3).

6. Upon the occurrence of an Event of Default, FIG shall provide the Debtors with written notice of such default at the address provided herein and afford the Debtors ten (10) days to cure such default. During the Plan Term the Debtors shall have two (2) opportunities to cure a default.

7. In the event the Debtors fail to cure the Event of Default within the aforementioned ten (10) day time period specified in paragraph six (6),

(a) FIG shall be provided relief from the Confirmation Order and shall be permitted to institute or continue foreclosure proceedings against the Property without further order of the Court and/or to pursue its rights and remedies under state law, and

(b) the redemption of FIG's Tax Lien only may be made through the Township of Maplewood tax collector's office in the manner that a tax sale certificate is ordinarily redeemed pursuant to the Tax Sale Law, N.J.S.A. §54:5-1, *et seq*. Prior to redeeming FIG's Tax Lien, the Debtors shall obtain a redemption statement from the Township of Maplewood tax collector's office with respect to the Tax Lien. In addition, at least five business day prior to redeeming FIG's Tax Lien, the Debtors will provide to counsel for FIG a copy of the

Page 5 of 8
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-1926/JKS
Caption of Order: Consent Order Resolving FIG Capital Investments NJ13, LLC'S Objection to Disclosure Statement and Plan

aforesaid payoff statements.

8. Notices given pursuant to this Order shall be in writing, shall be given by actual delivery or by mailing the same to the party entitled thereto at the addresses set forth below or at such other address as any party may designate in writing to any other party pursuant to the provisions of this Section. Notices given by mail shall be sent by United States mail, certified or registered, return receipt requested or by nationally recognized overnight courier service providing receipt of delivery. Notices shall be deemed to be received on the date of actual receipt, in the case of personal delivery, or on the third day following the date of mailing, in the case of mailing. Notices shall be served or mailed to the following addresses, subject to change as provided above:

| | |
|---|---|
| If to FIG's counsel: | Linda S. Fossi, Esquire<br>Gary C. Zeitz LLC<br>1101 Laurel Oak Road<br>Suite 170<br>Voorhees, NJ 08043 |
| With a copy to FIG: | Mark Gonzalez<br>1000 Riverside Avenue, Suite 400<br>Jacksonville, FL 32204 |
| If to Debtors' counsel: | Eugene D. Roth, Esquire<br>Law Office of Eugene D. Roth<br>Valley Park East<br>2520 Hwy 35, Suite 307<br>Manasquan, NJ 08736 |
| With a copy to the Debtors: | Ernesto L. Arana and Megan L. Young<br>18 Borroughs Way<br>Maplewood, NJ 07040 |

Page 6 of 8
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-1926/JKS
Caption of Order: Consent Order Resolving FIG Capital Investments NJ13, LLC'S Objection to Disclosure Statement and Plan

9. The terms set forth herein shall be disclosed at the Confirmation Hearing and incorporated into and attached to the Confirmation Order.

10. Unless entered upon notice to FIG with an opportunity for FIG to be heard, no subsequent order of the Bankruptcy Court, including but not limited to, the confirmation order, may conflict with the terms or provisions of this Consent Order. In addition, this Consent Order shall supercede and govern in the event of a conflict with any terms of the Disclosure Statement and Plan. The rights and obligations of the parties to this Consent Order shall not be modified, altered, or impaired in any manner by Disclosure Statement, Plan or otherwise.

11. Absent the occurrence of an Event of Default prior to confirmation, FIG agrees to withdraw its objection to the approval of the Disclosure Statement and to vote in favor of confirmation of the Plan.

12. Notwithstanding any provision in the Plan to the contrary, FIG's Tax Lien(s) against the Property shall remain in full force and effect after the Confirmation Date and the Effective Date until such time that FIG receives payment in full on its Tax Lien, in accordance with this Consent Order.

13. In consideration for FIG's agreement to the terms of this Consent Order, the Debtors, on behalf of themselves and all current and future agents, representatives, successors and assigns, hereby release, give up and forever discharge FIG, its present or former agents, directors, officers, employees, representatives, attorneys, predecessors, successors and assigns, their affiliates, subsidiaries, parents, divisions, and any of their predecessors or successors, from

Page 7 of 8
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-1926/JKS
Caption of Order: Consent Order Resolving FIG Capital Investments NJ13, LLC'S Objection to Disclosure Statement and Plan

any and all charges, complaints, claims, rights, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney's fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected relating solely to the Debtors. This releases all claims, including those of which the Debtors are not aware and those not mentioned in this Release. This Release applies to claims resulting from anything which has happened up to now. The Debtors further acknowledges that any payments made pursuant this Consent Order are not a violation of N.J.S.A. §54:5-63.1 (Excessive charges or fees charged by tax sale certificate holder on redemption; forfeiture) or N.J.S.A. §54:5-54.1. The Debtors knowingly and voluntarily waive and relinquish any claim or cause of action against FIG, its present or former agents, directors, officers, employees, representatives, attorneys, predecessors, successors and assigns, their affiliates, subsidiaries, parents, divisions, and any of their predecessors or successors for forfeiture of the Tax Lien based upon the payments being made herein, FIG's purchase of the Tax Lien, and/or FIG's proof of claim filed in the instant bankruptcy case, including, but not limited to, all claims arising under N.J.S.A. §54:5-63.1 and N.J.S.A. §54:5-54.1. In the event that the Debtors or anyone on their behalf violates the provisions of this paragraph by commencing a lawsuit or other action against FIG for forfeiture of the Tax Lien, Debtors agree to pay FIG's reasonable costs and expenses in defending said action, including attorney's fees.

14. Failure of FIG to insist upon or to enforce any of its rights hereunder shall not constitute a waiver thereof, and nothing shall constitute a waiver of FIG's right to insist upon

Page 8 of 8
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-1926/JKS
Caption of Order: Consent Order Resolving FIG Capital Investments NJ13, LLC'S Objection to Disclosure Statement and Plan

strict compliance with the provisions hereof. No oral modification hereof shall be binding upon the parties, and any modification shall be in writing and signed by the parties.

15.  This Consent Order embodies the entire agreement of the parties hereto with respect to matters discussed herein and supercedes all discussions, communications and agreements, express or implied, written or oral, by or between the parties. This Consent Order shall not be amended except in writing executed by all parties.

16.  This Consent Order shall not be construed more strictly against any party because of such party's involvement in preparation or drafting of this Consent Order, the parties herein each being represented and advised by lawyers, with full opportunity to contribute to the drafting of this document.

17.  Each of the signatories to this Consent Order represents and warrants that he or she is duly authorized to execute this Consent Order on behalf of the party that he or she represents.

We consent to the form
and entry of this Order

GARY C. ZEITZ, LLC                                  LAW OFFICES OF EUGENE D. ROTH

/s/ Linda S. Fossi                                  /s/ Eugene D. Roth
LINDA S. FOSSI, ESQUIRE                             EUGENE D. ROTH, ESQUIRE
Attorney for FIG Capital Investments NJ13,          Attorney for the Debtorss, Ernesto L. Arana
LLC                                                 and Megan L. Young