Order Filed on August 1, 2018 by
Clerk U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**EUGENE D. ROTH, ESQUIRE**
Valley Park East
2520 Highway 35, Suite 307
Manasquan, New Jersey 08736
(732) 292-9288
Attorney for the Debtors

In re:

Ernesto L. Arana and Megan L. Young,

　　　　　　　　　　Debtors.

Case No.: 17-19726

Chapter 11

Judge: John K. Sherwood, U.S.B.J.

# CONSENT ORDER RESOLVING LORAMARK CAPITAL LLC'S OBJECTION TO DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN

The relief set forth on the following pages numbered 2 through 7 is hereby **ORDERED.**

Dated: July    , 2018

**DATED: August 1, 2018**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2 of 7
Debtor: Ernesto L. Arana and Megan L. Young
Case No: 17-19726 (JKS)
Caption of Order: Consent Order Resolving Loramark Capital, LLC's Objection to Disclosure Statement and Plan

THIS MATTER having come to the upon the objection of Loramark Capital LLC ("Loramark") to the Debtors Disclosure Statement and Plan, and the following appearances having been entered, Mark Schepps, Esq. attorney for Loramark and Eugene D. Roth, Esq. attorney for the Debtors; and

IT APPEARING the Loramark is the holder of tax sale certificate no. 16-0002 (the "Tax Lien") secured by the Debtors' real estate located at 523-525 Morgan Ave Palmyra, NJ 08065 (the "Property"); and

IT FURTHER APPEARING that Loramark filed an objection to the approval of the Debtors' Disclosure Statement and the confirmation of the Debtors' Chapter 11 Plan of Reorganization (the "Plan"); and

IT FURTHER APPEARING that the Debtors now seek to pay the amounts owed to Loramark through its Plan pursuant to the terms and conditions set forth herein below, and the parties having agreed to the form and entry of this Order, and for good cause shown;

**IT IS ORDERED**  as follows;

1.     The Debtors  shall pay Loramark's claim on account of its Tax Lien with interest at the rate of  18% per annum on subsequent payments only for sixty (60) months (the Plan Term") for the total sum of $8,605.80 (the "Redemption Sum"). The Debtors shall pay the Redemption Sum by issuing to Loramark a monthly payment of principal and interest in the sum of $143.43   (the "Monthly Payment") on the first day of each month for the period September 1, 2018 to August 1, 2023. Payment shall be made to Loramark at the address provided herein and

Page 3 of 7
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-19726/JKS
Caption of Order: Consent Order Resolving Loramark Capital LLC's Objection to Disclosure Statement and Plan

in accordance with the amortization schedule attached hereto as Exhibit "A" and made a part hereof.

2. In the event that Debtors' Plan is not confirmed on July 31, 2018, interest shall continue to accrue at the statutory rate on the Tax Lien to the date of confirmation, In such event, Loramark's claim and the Monthly Payment shall be adjusted accordingly and Loramark shall file an amended proof of claim, which amended claim shall be deemed a timely filed claim pursuant to the Bankruptcy Code and Rules.

3. During the Plan Term, the Debtors must remain current on all quarterly real estate tax payments, water charges, sewer charges and all other municipal charges due and owing to the Township of Palmyra on account of the Property.

4. Within thirty (30) days after the entry of this Order, the Debtors shall pay all outstanding post-petition real estate taxes, water charges, sewer charges and all other municipal charges owing to Township of Palmyra on account of the Property, to the extent that there are any open charges.

5. Notwithstanding any provision in the Plan to the contrary, the following shall constitute an event of default ("Event of Default"): (a) failure of the Debtors to tender in full any Monthly Payment to Loramark in accordance with paragraph one (1), (b) failure to the Debtors to cure all outstanding post-petition real estate taxes, water charges, sewer charges and all other municipal charges owing to Township of Palmyra on or before thirty (30) days from the date of this Consent Order in accordance with paragraph four (4) and (c) failure of the Debtors to remain current on all post-petition quarterly real estate payments, water charges, sewer charges and all other municipal charges due and owing to Township of Palmyra in accordance with paragraph three (3).

Page 4 of 7
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-19726
Caption of Order: Consent Order Resolving Loramark Capital LLC's Objection to Disclosure Statement and Plan

6. Upon the occurrence of an Event of Default, Loramark shall provide the Debtors with written notice of such default at the address provided herein and afford the Debtors ten (10) days to cure such default. During the Plan Term the Debtors shall have two (2) opportunities to cure a default

7. In the event the Debtors fail to cure the Event of Default within the aforementioned ten (10) day time period specified in paragraph six (6).

  (a)  Loramark shall be provided relief from the Confirmation Order and shall be permitted to institute or continue foreclosure proceedings against the Property without further order of the Court and/or pursue its rights and remedies under state law, and

  (b)  the redemption of Loramark's Tax Lien only may be made through the Township of Palmyra tax collector's office in the manner that a tax sale certificate is ordinarily redeemed pursuant to the Tax Sale Law, N.J.S.A. §54:5-1, *et seq*. Prior to redeeming Loramark's Tax Lien, the Debtors shall obtain a redemption statement from the Township of Palymyra tax collector's office with respect to the Tax Lien. In addition, at least five (5) business days prior to redeeming Loramark's Tax Lien, the Debtors will provide to counsel for Loramark a copy of the aforesaid payoff statements.

8. Notices given pursuant to this Order shall be in writing, shall be given by actual delivery or by mailing the same to the party entitled thereto at the addresses set forth below or at such other address as any party may designate in writing to any other party pursuant to the provisions of this Section. Notices given by mail shall be sent by United States mail, certified or registered, return receipt requested or by nationally recognized overnight courier service providing receipt of delivery. Notices shall be deemed to be received on the date of actual receipt, in the case of personal delivery, or on the third day following the day following the date of mailing, in the case of mailing. Notices shall be served or mailed to the following addresses subject to change as provided above:

Page 5 of 7
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-19726
Caption of Order: Consent Order Resolving Loramark Capital LLC's Objection to Disclosure Statement and Plan

| | |
|---|---|
| If to Loramark's Counsel: | Mark Schepps, Esq.<br>15 Saint Jean Way<br>Marlton, NJ 08053 |
| If to Debtors' Counsel: | Eugene D. Roth, Esq.<br>2520 Highway 35, Suite 307<br>Manasquan, NJ 08736 |
| With a copy to the Debtors: | Ernesto L. Arana and Megan L. Young<br>18 Burroughs Way<br>Maplewood, NJ 07040 |

9. The terms set forth herein shall be disclosed at the Confirmation Hearing and incorporated into and attached to the Confirmation Order.

10. Unless entered upon notice to Loramark with an opportunity for Loramark to be heard, no subsequent order of the Bankruptcy Court, including but not limited to, the confirmation order, may conflict with the terms or provisions of this Consent Order. In addition, this Consent Order shall supercede and govern in the event of conflict with any terms of the Disclosure Statement and Plan. The rights and obligations of the parties to this Consent Order shall not be modified, altered or impaired in any manner by Disclosure Statement, Plan or otherwise.

11. Absent the occurrence of an Event of Default prior to confirmation, Loramark agrees to withdraw its objection to the approval of the Disclosure Statement and to vote in favor of confirmation of the Plan.

12. Nothwithstanding any provision in the Plan to the contrary, Loramark's Tax Lien against the property shall remain in full force and effect after the Confirmation Date and the Effective Date until such time that Loramark receives payment in full on its Tax Lien, in accordance with this Consent Order.

13. In consideration for Loramark's agreement to terms of this Consent Order, the Debtors, on behalf of themselves and all current and future agents, representatives, successors

Page 6 of 7
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-16726
Caption of Order: Consent Order Resolving Loramark Capital LLC's Objection to Disclosure Statement and Plan

and assigns, hereby release, give up and forever discharge Loramark its present or former agents, directors, officers, employees, representatives, attorneys predecessors, successors, and assigns, their affiliates, subsidiaries, parents, divisions, and any of their predecessors or successors, from any and all charges, complaints, claims, rights, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney's fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected relating solely to the Debtors. This releases all claims, including those of which the Debtors are not aware and those not mentioned in this Release. This Release applies to claims resulting from anything which has happened up to now. The Debtors further acknowledge that any payments made pursuant to this Consent Order are not a violation of N.J.S.A. §54:5-63.1 (Excessive charges or fees charged by tax sale certificate holder on redemption; forfeiture) or N.J.S.A. §54:54.1. The Debtors knowingly and voluntarily waive and relinquish any claim or cause of action against Loramark, its present or former agents, directors, officers, employees, representatives, attorneys predecessors, successors, and assigns, their affiliates, subsidiaries, parents, divisions, and any of their predecessors or successors for forfeiture of the Tax Lien based upon the payments being made herein, Loramark's purchase of the Tax Lien, and/or Loramark's proof of claim filed in the instant bankruptcy case, including but not limited to, all claims arising from N.J.S.A. §54:5-63.1 and N.J.S.A. §54:5-54.1. In the event that the Debtors or anyone on their behalf violates the provisions of this paragraph by commencing a lawsuit or other action against Loramark for forfeiture of the Tax Lien, Debtors agree to pay Loramark's reasonable costs and expenses in defending said action, including attorney's fees.

14. Failure of Loramark to insist upon or to enforce any of its rights hereunder shall not constitute a waiver thereof, and nothing shall constitute a waiver of Loramark's right to insist upon strict compliance with the provisions hereof. No oral modification hereof shall be binding upon the parties, and any modifications shall be in writing and signed by the parties.

Page 7 of 7
Debtors: Ernesto L. Arana and Megan L. Young
Case No.: 17-19726/JKS
Caption of Order: Consent Order Resolving Loramark Capital LLC's Objection to Disclosure Statement and Plan

15. This Consent Order embodies the entire agreement of the parties hereto with respect to matters discussed herein and supercedes all discussions, communications and agreements, express or implied, written or oral, by or between parties. This Consent Order shall not be amended except in writing by all parties.

16. This Consent Order shall not be construed more strictly against any party because of such party's involvement in preparation or drafting of this Consent Order, the parties herein each being represented and advised by lawyers, with full opportunity to contribute to the drafting of this document.

17. Each of the signatories to this Consent Order represents and warrants that he or she is duly authorized to execute this Consent Order on behalf of the party that he or she represents.

We consent to the form and entry of this Order

LAW OFFICE OF EUGENE D. ROTH

_/s/ Mark Schepps_  
MARK SCHEPPS, ESQ.  
Attorney for Loramark Capital LLC

/s/ Eugene D. Roth  
EUGENE D. ROTH, ESQ.  
Attorney for Debtors, Ernesto L. Arana  
Megan L. Young